UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO.:

ATANASILDO A. VIERA
and other similarly situated individuals,

    Plaintiff(s),

v.

TTOTTAL BUSINESS LLC
d/b/a MARGHERITA PIZZA BEER & WINE,
DANIEL CADOSCH DELMAR
and URI DALY, individually

    Defendants,
_____/

<u>COMPLAINT</u>
(OPT-IN PURSUANT TO 29 U.S.C § 216(b))

    COMES NOW the Plaintiff, ATANASILDO A. VIERA, and other similarly situated individuals, by and through the undersigned counsel, and hereby sues Defendants TTOTTAL BUSINESS LLC, d/b/a MARGHERITA PIZZA BEER & WINE, DANIEL CADOSCH DEL MAR, and URI DALY, individually, and alleges:

<u>JURISDICTION VENUES AND PARTIES</u>

1. This is an action to recover money damages for unpaid regular and overtime wages and retaliation under the laws of the United States. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement) ("the Act").

2. Plaintiff ATANASILDO A. VIERA is a covered employee for purposes of the Act. The Plaintiff is a resident of Miami-Dade County, Florida, within the jurisdiction of this Honorable Court. The Plaintiff is a covered employee for purposes of the Act.

3. Defendant TTOTTAL BUSINESS LLC, d/b/a MARGHERITA PIZZA BEER & WINE MARGHERITA PIZZA, INC., (hereinafter MARGHERITA PIZZA, or Defendant) is a Florida corporation, having a place of business in Miami-Dade County, Florida, where the Plaintiff worked. The defendant was engaged in interstate commerce.

4. The individual Defendants DANIEL CADOSCH DELMAR, and URI DALY were the owners/partners/officers and operators of Defendant Corporation MARGHERITA PIZZA. These individual Defendants were the employers of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)].

5. All the actions raised in this complaint took place in Miami/Dade County Florida, within the jurisdiction of this Court.

## GENERAL ALLEGATIONS

6. This cause of action is brought by Plaintiff ATANASILDO A. VIERA as a collective action to recover from the Defendants overtime compensation, liquidated damages, and the costs and reasonable attorney's fees under the provisions of Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT") on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked in excess of forty (40) hours during one or more weeks on or after March 2018, (the "material time") without being properly compensated.

7. Defendant MARGHERITA PIZZA is a pizza restaurant located at 234 NE 3rd ST, Unit CU1A, Miami, Florida 33132, where the Plaintiff worked.

8. Defendants MARGHERITA PIZZA, DANIEL CADOSCH DELMAR, and URI DALY employed Plaintiff ATANASILDO A. VIERA approximately from March 01, 2018, to January 13, 2020, or 97 weeks.

9. The Plaintiff was hired as a non-exempted full-time restaurant employee. The Plaintiff had duties as a pizza cook and prep cook, and he had multiple additional duties as cashier, cleaning employee, and doing general restaurant work. The Plaintiff was paid at the rate of $13.00 an hour. The Plaintiff's overtime rate should be $19.50 an hour.

10. While employed by Defendants, the Plaintiff had a very regular schedule, and he worked as follows:

11. 1.- From March 01, 2018, to December 31, 2018, or 43 weeks, Plaintiff worked 7 days per week, from Monday to Sunday; from 10:00 AM to 10:00 PM (12 hours each day), a total of 84 hours per week. Plaintiff was unable to take lunchtime breaks.

12. 2.- From January 01, 2019, to January 13, 2020, or 54 weeks, Plaintiff worked 7 days per week, from Monday to Sunday; from 6:00 AM to 11:00 PM (17 hours each day), a total of 119 hours per week. Plaintiff was unable to take lunchtime breaks.

13. Plaintiff worked more than 40 hours every week. However, he was not paid for all his working hours.

14. Defendants paid Plaintiff for a fraction of all his hours worked. There were many weeks in which Plaintiff did not receive complete payment for 40 regular hours. The Plaintiff always worked more than 40 hours in a week, but he was not paid for overtime hours.

15. The Plaintiff clocked in and out, and the Defendants were able to keep track of the hours worked by the Plaintiff and other similarly situated individuals.

16. Therefore, Defendants willfully failed to pay Plaintiff regular and overtime hours at the rate of time and one-half his regular rate for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

17. The Plaintiff was paid with checks, without any paystub providing basic information about the real number of days and hours worked, wage rate, employment taxes, etc.

18. During his entire period of employment with the Defendants, Plaintiff did not receive his wages in a regular fashion and on payment dates.  Throughout many weeks, Defendants did not pay the Plaintiff at all, or they did partial payments. Sometimes, the Plaintiff was not compensated even for 40 regular hours. Defendants failed also to compensate Plaintiff for overtime hours.

19. The plaintiff is not in possession of time and payment records, and he cannot provide the exact amount of unpaid wages due to him. Nevertheless, he will provide an estimate based on his recollections. After proper discovery, the Plaintiff will adjust his statement of claim accordingly.

20. Plaintiff ended his employment with Defendants on or about January 13, 2020.

21. Plaintiff ATANASILDO A. VIERA seeks to recover regular and overtime wages for every hour in excess of 40 that he worked, liquidated damages, and any other relief as allowable by law.

22. The additional persons who may become Plaintiffs in this action are employees and/or former employees of Defendants who are and who were subject to the unlawful payroll practices and procedures of Defendants and were not paid overtime wages at the rate of

time and one half of their regular rate of pay for all overtime hours worked in excess of forty.

### COUNT I:
### WAGE AND HOUR FEDERAL STATUTORY VIOLATION;
### FAILURE TO PAY OVERTIME, AGAINST ALL DEFENDANTS

23. Plaintiff ATANASILDO A. VIERA re-adopts every factual allegation as stated in paragraphs 1-22 above as if set out in full herein.

24. This cause of action is brought by Plaintiff ATANASILDO A. VIERA as a collective action to recover from the Defendants overtime compensation, liquidated damages, costs, and reasonable attorney's fees under the provisions of the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT"), on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked in excess of forty (40) hours during one or more weeks on or after March 2018, (the "material time") without being compensated "at a rate not less than one and a half times the regular rate at which he is employed."

25. The Defendant MARGHERITA PIZZA was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). The Defendant is a retail business operating as a pizza restaurant and is engaged in interstate commerce.  The Defendant had more than two employees recurrently engaged in commerce or the production of goods for commerce by regularly and recurrently ordering restaurant supplies produced out of state, by using the instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources, by using electronic devices to authorize credit card transactions. Upon information and belief, the annual gross revenue of the Employer/Defendant was always material hereto in excess of

$500,000 per annum. Because of the foregoing, Defendant's business activities involve those to which the Fair Labor Standards Act applies. Therefore, there is FLSA enterprise coverage.

26. Plaintiff and those similarly situated were employed by an enterprise engaged in interstate commerce. Plaintiff and those similarly situated through their daily activities were regularly engaged in interstate commerce. The Plaintiff regularly handled and worked on goods and materials that were produced for commerce and were moved across State lines at any time during the business. Therefore, there is FLSA individual coverage.

27. Defendants MARGHERITA PIZZA, DANIEL CADOSCH DELMAR, and URI DALY employed Plaintiff ATANASILDO A. VIERA approximately from March 01, 2018, to January 13, 2020, or 97 weeks.

28. The Plaintiff was hired as a non-exempted full-time restaurant employee. The Plaintiff had duties as a pizza cook and prep cook. The Plaintiff was paid at the rate of $13.00 an hour. The Plaintiff's overtime rate should be $19.50 an hour.

29. While employed by Defendants, the Plaintiff had a very regular schedule, and he worked as follows:

30. 1.- From March 01, 2018, to December 31, 2018, or 43 weeks, Plaintiff worked 7 days per week, from Monday to Sunday a total of 84 hours per week. Plaintiff was unable to take lunchtime breaks.

31. 2.- From January 01, 2019, to January 13, 2020, or 54 weeks, Plaintiff worked 7 days per week, from Monday to Sunday a total of 119 hours per week. Plaintiff was unable to take lunchtime breaks.

32. The Plaintiff always worked more than 40 hours in a week, but he was not paid for all his overtime hours.

33. The Plaintiff clocked in and out, and the Defendants were able to keep track of the hours worked by the Plaintiff and other similarly situated individuals.

34. Therefore, Defendants willfully failed to pay Plaintiff for overtime hours at the rate of time and one-half his regular rate for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

35. The Plaintiff was paid weekly with checks, without any paystub providing basic information about the real number of days and hours worked, wage rate, employment taxes, etc.

36. The records, if any, concerning the number of hours worked by the Plaintiff and those similarly situated, and the compensation paid to such employees should be in the possession and custody of the Defendants. However, upon information and belief, Defendants did not maintain time accurate records of hours worked by the Plaintiff and other employees.

37. The Defendants violated the record-keeping requirements of FLSA, 29 CFR Part 516.

38. Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments. Defendant violated the Posting requirements of 29 U.S.C. § 516.4.

39. Prior to the completion of discovery and the best of Plaintiff's knowledge, at the time of the filing of this complaint, the Plaintiff's good faith estimate of unpaid overtime wages is as follows:

* Please note that these amounts are based on a preliminary calculation and that these figures could be subject to modifications. After discovery Plaintiff will adjust his Statement of Claim to reflect any amount received as payment for overtime hours.

   a. <u>Total amount of alleged unpaid O/T wages</u>:

   One Hundred Twenty Thousand Eighty-One Dollars and 00/100 ($120,081.00)

   b. <u>Calculation of such wages</u>:

   Relevant weeks of employment:  97 weeks
   Total number of relevant weeks:  97 weeks
   Regular rate: $13.00 an hour x 1.5 = $19.50
   Overtime rate: $19.50 an O/T hour

   **1.- Overtime from March 01, 2018, to December 30, 2018, or 43 weeks**

   Relevant weeks: 43 weeks
   Total number of hours worked:  84 hours weekly
   Total number of overtime hours worked: 44 O/T hours
   Regular rate: $13.00 an hour x 1.5 = $19.50
   Overtime rate: $19.50 an O/T hour

   O/T rate $19.50 x 44 O/T hours=$858.00 weekly x 43 weeks=$36,894.00

   **2.- Overtime from January 01, 2019, to January 13, 2020, or 54 weeks**

   Relevant weeks: 54 weeks
   Total number of hours worked:  119 hours weekly
   Total number of overtime hours worked: 79 O/T hours
   Regular rate: $13.00 an hour x 1.5 = $19.50
   Overtime rate: $19.50 an O/T hour

   O/T rate $19.50 x 79 O/T hours=$1,540.50 weekly x 54 weeks=$83,187.00

   Total #1, and #2: $120,081.00

   c. <u>Nature of wages (e.g. overtime or straight time)</u>:

   This amount represents unpaid overtime wages.

40. At all times, the Employers/Defendants failed to comply with Title 29 U.S.C. §207 (a) (1). In that, Plaintiff and those similarly-situated performed services and worked in excess of the maximum hours provided by the Act but no provision was made by the

Defendants to properly pay them at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in said Act.

41. Defendants knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff and those similarly-situated these overtime wages, since the commencement of Plaintiff's and those similarly-situated employee's employment with Defendants, as set forth above, and Plaintiff and those similarly-situated are entitled to recover double damages.

42. At the times mentioned, the individual Defendants DANIEL CADOSCH DELMAR, and URI DALY were the owners/partners/managers of MARGHERITA PIZZA. Defendants DANIEL CADOSCH DEL MAR and URI DALY were the employers of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. In that, these individual Defendants acted directly in the interests of MARGHERITA PIZZA in relation to its employees, including Plaintiff and others similarly situated. Defendants DANIEL CADOSCH DELMAR, and URI DALY had absolute financial and operational control of the Corporation, determining terms, and working conditions of Plaintiff and other similarly situated employees, and they are jointly and severally liable for Plaintiff's damages.

43. Defendants MARGHERITA PIZZA, DANIEL CADOSCH DELMAR, and URI DALY willfully and intentionally refused to pay Plaintiff overtime wages at the rate of time and one half his regular rate, as required by the law of the United States, and remain owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendants as set forth above.

44. The Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff ATANASILDO A. VIERA and those similarly situated respectfully requests that this Honorable Court:

A. Enter judgment for Plaintiff ATANASILDO A. VIERA and other similarly situated individuals and against the Defendants MARGHERITA PIZZA, DANIEL CADOSCH DELMAR, and URI DALY based on Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.; and

B. Award Plaintiff ATANASILDO A. VIERA actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

## JURY DEMAND

Plaintiff ATANASILDO A. VIERA demands trial by a jury of all issues triable as of right by a jury.

## COUNT II:
## F.L.S.A. WAGE AND HOUR FEDERAL STATUTORY VIOLATION: FAILURE TO PAY MINIMUM WAGE; AGAINST ALL DEFENDANTS

45. Plaintiff ATANASILDO A. VIERA re-adopts every factual allegation as stated in paragraphs 1-22 of this complaint as if set out in full herein.

46. This action is brought by Plaintiff ATANASILDO A. VIERA and those similarly-situated to recover from the Employer MARGHERITA PIZZA unpaid minimum wages, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. §206.

47. The employer MARGHERITA PIZZA was engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). The Defendant is a retail company performing as a pizza restaurant. The Defendant has more than two employees directly and recurrently engaged in interstate commerce. Upon information and belief, the annual gross revenue of the Employer/Defendant was always in excess of $500,000 per annum. Therefore, there is enterprise coverage.

48. The Plaintiff was employed by an enterprise engaged in interstate commerce. The Plaintiff and other employees similarly situated handled and worked on goods and materials and materials that were moved across State lines at any time during the business. Therefore, there is individual coverage.

49. U.S.C. §206 states "Every employer shall pay to each of his employees who in any workweek is engaged in commerce or the production of goods for commerce, or is employed in an enterprise engaged in commerce or the production of goods for commerce, wages at the following rates:

    (1) except as otherwise provided in this section, not less than—

    (A) $5.85 an hour, beginning on the 60th day after May 25, 2008;

    (B) $6.55 an hour, beginning 12 months after that 60th day; and

    (C) $7.25 an hour, beginning 24 months after that 60th day

50. Defendants MARGHERITA PIZZA, DANIEL CADOSCH DELMAR, and URI DALY employed Plaintiff ATANASILDO A. VIERA approximately from March 01, 2018, to January 13, 2020, or 97 weeks.

51. The Plaintiff was hired as a non-exempted full-time restaurant employee. The Plaintiff had duties as a pizza cook and prep cook. The Plaintiff was paid at the rate of $13.00 an hour.

52. While employed by Defendants, the Plaintiff had a very regular schedule, and he worked as follows:

53. 1.- From March 01, 2018, to December 31, 2018, or 43 weeks, Plaintiff worked 7 days per week, from Monday to Sunday; from 10:00 AM to 10:00 PM (12 hours each day), a total of 84 hours per week. Plaintiff was unable to take lunchtime breaks.

54. 2.- From January 01, 2019, to January 13, 2020, or 54 weeks, Plaintiff worked 7 days per week, from Monday to Sunday; from 6:00 AM to 11:00 PM (17 hours each day), a total of 119 hours per week. Plaintiff was unable to take lunchtime breaks.

55. Plaintiff worked more than 40 hours every week. However, he was not paid for all his hours worked.

56. During his entire period of employment with the Defendants, Plaintiff always worked more than 40 hours every week, but he did not receive his wages in a regular fashion and on payment dates. Throughout many weeks, Defendants did not pay the Plaintiff at all,

or they did partial payments. Sometimes, the Plaintiff was not compensated even for 40 regular hours. There is a substantial number of hours that were not paid at any rate, not even the minimum wage rate as required by the FLSA.

57. The Plaintiff clocked in and out, and the Defendants were able to keep track of the hours worked by the Plaintiff and other similarly situated individuals.

58. Therefore, Defendants willfully failed to pay Plaintiff minimum wages in violation of the Fair Labor Standards Act (29 U.S.C. 207(a)(1).

59. The Plaintiff was paid with checks, without any paystub providing basic information about the real number of days and hours worked, wage rate, employment taxes, etc.

60. The plaintiff is not in possession of time and payment records, and he cannot provide the exact amount of unpaid wages due to him. Nevertheless, he will provide an estimate based on his recollections. After proper discovery, the Plaintiff will adjust his statement of claim accordingly.

61. The records, if any, concerning the number of hours worked by Plaintiff ATANASILDO A. VIERA, and all others similarly situated employees, and the compensation paid to such employees should be in the possession and custody of Defendant. However, upon information and belief, the Defendant did not maintain accurate and complete time records of hours worked by the Plaintiff and other employees in the asserted class.

62. The Defendant violated the record-keeping requirements of FLSA, 29 CFR Part 516.

63. Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments. Defendant violated the Posting requirements of 29 U.S.C. § 516.4.

64. Prior to the completion of discovery, and to the best of Plaintiff's knowledge, at the time of the filing of this complaint, the Plaintiff's good faith estimate of the unpaid minimum wage is as follows:

*Please note that these amounts are based on a preliminary calculation and that these figures could be subject to modifications. After discovery Plaintiff will adjust his Statement of Claim to reflect any amount received as payment for overtime hours.
*Plaintiff wage-rate was $15.00 an hour. Florida's minimum wage is higher than the federal minimum wage. As per FLSA regulations, the higher minimum wage applies.

   a. Total amount of alleged unpaid wages:

      Four Thousand Fifty-Seven Five and 95/100 ($4,057.95)

   b. Calculation of such wages:

      Total relevant weeks of employment:  97 weeks
      Total relevant weeks of employment:  97 weeks

**1.- Min. wages from March 01, 2018, to December 30, 2018, or 43 weeks**

      Relevant weeks: 43 weeks
      Total number of hours worked:  more than 40 hours weekly
      Total number of regular hours paid:  35 hours average
      Total number of regular unpaid hours: 5 hours average weekly
      Fl. Minimum wages 2018 $8.25 an hour

$8.25 x 5 hours=$41.25 weekly x 43 weeks = $1,773.75

**2.- Min. wages from January 01, 2019, to January 13, 2020, or 54 weeks**

      Relevant weeks: 54 weeks
      Total number of hours worked:  more than 40 hours weekly
      Total number of regular hours paid:  35 hours average
      Total number of regular unpaid hours: 5 hours average weekly
      Fl. Minimum wages 2019:  $8.46 an hour

$8.46 x 5 hours=$42.30 weekly x 54 weeks = $2,284.20

Total #1, and #2: $4,057.95

   c. Nature of wages:

This amount represents unpaid minimum wages.

65. Defendants MARGHERITA PIZZA, DANIEL CADOSCH DELMAR, and URI DALY willfully and intentionally refused to pay Plaintiff minimum wages as required by the law of the United States, and remain owing Plaintiff these minimum wages since the commencement of Plaintiff's employment with Defendants as set forth above.

66. Defendants MARGHERITA PIZZA, DANIEL CADOSCH DELMAR, and URI DALY knew and/or showed a reckless disregard of the provisions of the Act concerning the payment of minimum wages as required by the Fair Labor Standards Act and remain owing Plaintiff these minimum wages as set forth above, and Plaintiff is entitled to recover double damages.

67. At the times mentioned, individual Defendants DANIEL CADOSCH DELMAR, and URI DALY were the owners/partners/managers of MARGHERITA PIZZA. Defendants DANIEL CADOSCH DELMAR, and URI DALY were the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. In that, these individual Defendants acted directly in the interests of MARGHERITA PIZZA in relation to its employees, including Plaintiff and others similarly situated. Defendants DANIEL CADOSCH DELMAR, and URI DALY had absolute financial and operational control of the Corporation, determining terms, and working conditions of Plaintiff and other similarly situated employees, and they are jointly and severally liable for Plaintiff's damages.

68. Defendants MARGHERITA PIZZA, DANIEL CADOSCH DELMAR, and URI DALY willfully and intentionally refused to pay Plaintiff minimum wages as required by the law of the United States, and remain owing Plaintiff these minimum wages since the

commencement of Plaintiff's employment with Defendants as set forth above. The Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff ATANASILDO A. VIERA and those similarly situated respectfully request that this Honorable Court:

A. Enter judgment for Plaintiff ATANASILDO A. VIERA and against the Defendants MARGHERITA PIZZA, DANIEL CADOSCH DELMAR, and URI DALY based on Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid minimum wages, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

## JURY DEMAND

Plaintiff ATANASILDO A. VIERA and those similarly situated demand trial by a jury of all issues triable as of right by a jury.

Dated: October 15, 2020

Respectfully submitted,

By: **/s/ Zandro E. Palma**
ZANDRO E. PALMA, P.A.
Florida Bar No.: 0024031

        9100 S. Dadeland Blvd.
        Suite 1500
        Miami, FL 33156
        Telephone: (305) 446-1500
        Facsimile:  (305) 446-1502
        zep@thepalmalawgroup.com
        *Attorney for Plaintiff*