UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 20-24225-CIV-GRAHAM

ATANASILDO A. VIERA,
And other similarly situated individuals,

    Plaintiff,
vs.

TTOTTAL BUSINESS LLC
d/b/a MARGHERITA PIZZA BEER & WINE,
DANIEL CADOSCH DELMAR
and URI DALY, individually,

    Defendants.
_____/

## JOINT MOTION TO APPROVE FLSA SETTLEMENT
## AND FOR DISMISSAL WITH PREJUDICE

Plaintiff, ATANASILDO A. VIERA, ("Plaintiff") and Defendants, TTOTTAL BUSINESS, LLC d/b/a MARGHERITA PIZZA BEER & WINE, DANIEL CADOSCH DELMAR, and URI DALY (collectively, "Defendants") (collectively, Plaintiff and Defendants are "the Parties"), by and through undersigned counsel, jointly request that this Court make a fairness finding approving the terms of the Parties' settlement of the above-captioned matter and dismissing this case with prejudice. The Settlement Agreement executed between the Parties is being filed, confidentially, as **Exhibit "A"** hereto.

### PROCEDURAL BACKGROUND

1.    On October 15, 2020, Plaintiff, Atanasildo A. Viera, commenced an action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et. seq.* ("FLSA"), seeking to recover damages for alleged unpaid overtime and minimum wage compensation (the "Complaint") (D.E. 1). Plaintiff was formerly employed at a pizza restaurant owned by Defendant, Ttottal. Pursuant to the allegations

alleged in the Complaint, Plaintiff worked more than forty (40) hours each week, but he did not receive sufficient compensation for all hours worked. (D.E. 1 at ¶13). Plaintiff further contends that he was only paid for a fraction of all hours worked; he claims that there were many weeks in which he was not fully compensated for working forty (40) or more hours. (D.E. 1 at ¶14).

2.      On November 30, 2020, Plaintiff filed his Statement of Claim (D.E. 7), which estimated that he is owed $120,081.00 in unpaid overtime wages and $4,057.95 in unpaid minimum wages. On February 5, 2021, Defendants filed their Response to Plaintiff's Statement of Claim (D.E.17), which rejected Plaintiff's contention. More specifically, in denying Plaintiff's contention, Defendants stated that Plaintiff is unable to prove either individual or enterprise coverage under the FLSA due to the following: (1) Defendants were not "enterprises engaged in commerce" for any of the years at issue because they failed to meet the $500,000.00 annual gross sales volume threshold for those years; and (2) Plaintiff was not an employee subject to individual coverage because he did not directly and regularly engage in interstate commerce during his employment. Additionally, Defendants' Response to Plaintiff's Statement of Claim indicated that Defendant, Uri Daly, was not a "covered employer" under the FLSA because he did not exercise operational control over Ttottal, was not involved in the day-to-day business functions of Ttottal, and he held no supervisory duties over employees employed by Ttottal, including Plaintiff. With respect to Plaintiff's unpaid minimum wage claim, Defendants provided that Plaintiff, who was paid $13.00 per hour for each hour of work in addition to tips, was paid at least the applicable minimum wage for each hour worked during his employment. Furthermore, notwithstanding that Defendants are in possession of documentary evidence that squarely refutes the amount of overtime hours Plaintiff alleges that he worked during the relevant period, Plaintiff's overtime calculation failed to account for all meal breaks, which Plaintiff routinely took during his employment.

3.     After extensive settlement discussions, the Parties agreed to settlement terms as memorialized herein and in **Exhibit A**.

## MEMORANDUM OF LAW

### I.     Legal Principles

Pursuant to the case law regarding settlement of claims under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), there are two ways in which claims under the FLSA can be settled and released by employees. First, 29 U.S.C. §216(c) allows employees to settle and waive their claims under the FLSA if the payment of unpaid wages by the employer to the employee is supervised by the Secretary of Labor. *See* 29 U.S.C. §216(c); *Lynn's Food Store, Inc. v. United States,* 679 F.2d 1350, 1353 (11th Cir. 1982). Second, in the context of a private lawsuit brought by an employee against an employer under section 216(b) of the FLSA, an employee may settle and release FLSA claims against an employer if the parties present the district court with a proposed settlement and the district court enters an Order approving the settlement. *Id.*; *see also Sculte, Inc. v. Gandi,* 328 U.S. 108, 66 S.Ct. 925, 928 n. 8 (1946); *Jarrad v. Southeastern Shipbuilding Corp.,* 163 F.2d 960, 961 (5th Cir. 1947). In detailing the circumstances justifying court approval of an FLSA settlement in a litigation context, the Eleventh Circuit stated as follows:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Lynn's Food Stores,* 679 F.2d at 1354.

The settlement of the instant action involves a situation in which the Court should approve the Parties' settlement to resolve and release the Plaintiff's FLSA claims against Defendants. The proposed settlement arises out of an action brought by the Plaintiff against his former employer, and purportedly one of its principals, which was adversarial in nature.

The Parties agree that the instant action involves disputed issues regarding the Plaintiff's claimed unpaid minimum and overtime wages. The Parties further agree that the settlement negotiated and reached between the Parties reflects a reasonable compromise of the disputed issues. Plaintiff and Defendants, through their respective counsel, discussed the circumstances surrounding Plaintiff's unpaid minimum and overtime wages claims, calculation of potential damages, and formulated their own proposed settlement figures. The Parties then engaged in detailed settlement discussions, based upon their independent calculations. The Parties voluntarily agreed to the terms of the settlement at the conclusion of the negotiations.

## II.     Terms of Settlement

During the settlement discussions, the Parties considered the risks and expense of continued litigation on the claims at issue, including the possibility of recovery of liquidated damages and attorney's fees under the FLSA. Given the Parties' respective positions on the material issues, the Parties agree that they would incur greater expenses by furthering the litigation. This is especially true considering that Defendants claim that Plaintiff is not entitled to any of the relief sought in the litigation. Given the amount in controversy, the Parties' respective positions on the issues at the heart of the litigation, and the possibility of the Plaintiff recovering nothing, the Parties agree that the amount paid to Plaintiff is a fair compromise. As a result, the settlement in the amount of $13,500.00, inclusive of fees and costs, is fair and equitable under the teachings of *Lynn's Food Stores* for Plaintiff's unpaid minimum and overtime wages claims.

The attorney's fees and costs were negotiated separately from Plaintiff's recovery. Counsel for Plaintiff further stipulates that the amount recovered in attorney's fees and costs is fair and reasonable, and that he accepts the aforesaid sum in full satisfaction of the attorney's fees and costs incurred on the Plaintiff's behalf. The Parties further state that there was no undue influence, overreaching, collusion, or intimidation in reaching the settlement agreement.

The Parties, through their respective attorneys, voluntarily agreed to the terms of the settlement during negotiations. The Parties were counseled and represented by their respective attorneys throughout the litigation and settlement negotiations.

### III. Conclusion

The Parties jointly and respectfully request that this Court approve the settlement between the Parties, and dismiss the instant action with prejudice, but retaining jurisdiction to enforce the terms of the Parties' Settlement Agreement.

Respectfully submitted on this 21st day of July, 2021

| | |
|---|---|
| **BERGER SINGERMAN LLP** | **ZANDRO E. PALMA, P.A.** |
| *Counsel for Defendant* | *Counsel for Plaintiff* |
| 350 East Las Olas Blvd. Suite 1000 | 9100 S. Dadeland Blvd, Suite 2200 |
| Ft. Lauderdale, Florida 33301 | Miami, FL 33156 |
| Telephone: (954) 525-9900 | Tel: (305) 446-1500 |
| | |
| By: *Andrew Zelmanowitz* | /s/ *Zandro E. Palma* |
| **ANDREW B. ZELMANOWITZ** | **ZANDRO E. PALMA, ESQ.** |
| Florida Bar No. 74202 | Fla. Bar No. 0024031 |
| **TERRON L. CLARK** | zep@thepalmalawgroup.com |
| Florida Bar No. 104944 | |
| azelman@bergersingerman.com | |
| tclark@bergersingerman.com | |
| DRT@bergersingerman.com | |

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served on this 21st day of July 2021, by electronic transmission through the Court's CM/ECF system upon all parties authorized to receive electronic notice in this case.

By: _/s/ Andrew B. Zelmanowitz_
Andrew B. Zelmanowitz

**Service List**
Zandro E. Palma, Esq.
zep@palmalawgroup.com
ZANDRO E. PALMA, P.A.
9100 S. Dadeland Blvd.
Suite 1500
Miami, FL 33156
*Attorneys for Plaintiff*