**CONFIDENTIAL SETTLEMENT AGREEMENT**
**AND**
**MUTUAL GENERAL RELEASE**

THIS CONFIDENTIAL SETTLEMENT AGREEMENT AND MUTUAL GENERAL RELEASE ("Settlement Agreement") is entered into as of July ___, 2021, by and between ATANASILDO A. VIERA, an individual and resident of Florida, including his heirs, family members, blood relatives, representatives, attorneys, agents, insurers, successors, and assigns (jointly, "Viera" or "Plaintiff") and DANIEL CADOSCH DELMAR, an individual and resident of Florida, including his heirs, representatives, attorneys, agents, insurers, successors, and assigns (together, "Cadosch-Delmar") and URI DALY, an individual and resident of Florida, including his heirs, representatives, attorneys, agents, insurers, successors, and assigns (together, "Daly") and TTOTTAL BUSINESS, LLC, a Florida limited liability company, including its members, owners, officers, directors, employees, agents (jointly, "Ttottal "). Delmar, Daly, and Ttottal are collectively referred to as "Defendants". Plaintiff and Defendants are together referred to as the "Parties."

WHEREAS, Viera was previously employed by Ttottal from in or around March 2018 through January 2020;

WHEREAS, on or about October 15, 2020, Viera filed a lawsuit styled *Atanasildo A. Viera v. Ttottal Business LLC et al.*, Case No.: 1:20-cv-24225-DLG in the U.S. District Court for the Southern District of Florida (hereinafter referred to as the "Dispute"), seeking damages for unpaid overtime and minimum wages against Defendants for purported violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*;

WHEREAS, Defendants have denied every allegation of wrongdoing contained in the Dispute;

WHEREAS, the Parties desire to resolve the Dispute without further litigation or adjudication;

NOW, THEREFORE, in consideration of the promises and obligations set forth in this Settlement Agreement, the Parties agree as follows:

1. The above recitals are true and correct and are hereby fully incorporated into this Settlement Agreement.

2. **No Admission of Liability.** Nothing in this Agreement shall be construed to be an admission by Defendants of any wrongdoing or noncompliance with any federal, state, city, or local rule, ordinance, constitution, statute, including the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, contract, public policy, wage and hour law, wage payment law, tort law, common law, or any other unlawful conduct, liability, wrongdoing, or breach of any duty whatsoever. Defendants specifically disclaim and deny any wrongdoing or liability to Viera.

3. **Settlement Payments**. In consideration of Viera's execution of and compliance with this Settlement Agreement, including Viera's waiver and release of claims in Section 4 below,

as well as the mutual promises exchanged herein, Defendants agree to pay the total sum of Thirteen Thousand-Five Hundred Dollars and 0/100 ($13,500.00), inclusive of attorney's fees and costs. From the total settlement amount of $13,500.00, Plaintiff shall receive a total of $7,500.00, consisting of $3,750.00 as payment for "wages", and $3,750.00 as payment for "liquidated damages". Separate and apart, Plaintiff's counsel shall receive $5,500.00 for payment of "attorney's fees", and $500.00 for "costs", for a total of $6,000.00. This amount was negotiated separate and apart and the amount of fees and costs negotiated did not compromise in any way the amount allocated to Plaintiff. Consequentially, Plaintiff's recovery will not be adversely affected by the amount of fees and costs to be paid to his attorney.

The full settlement amount $13,500.00, which resolves all of Plaintiff's claims, including payment for attorney's fees and costs, shall be paid via an **"Installment Payment Plan"** as follows. All checks shall be made payable to "Zandro E. Palma, P.A. IOLTA", or be made via wire transfer to Plaintiff's counsel's Trust Account:

- A first payment of U.S. Four-Thousand, Five-Hundred and 00/100 Dollars ($4,500.00) due within seven (7) calendar days from Court approval;

- A second payment of U.S. Four-Thousand, Five-Hundred and 00/100 Dollars ($4,500.00) due within thirty (30) calendar days from the first installment; and

- A third and final payment of U.S. Four-Thousand, Five-Hundred and 00/100 Dollars ($4,500.00) due within thirty (30) calendar days from the second installment.

**Default Remedies.** In the event Defendants shall fail to make any payments when due, and upon expiration of a three (3) business-day cure period, Plaintiff and his attorney may immediately proceed with taking a Stipulated Judgment against all Defendants, jointly and severally, for $13,500.00, minus any amounts paid, plus $4,500.00 in liquidated damages, plus any attorney's fees and costs incurred in entering Final Judgment and pursuing collections in this matter. (*"Default Notice" shall be sent via e-mail to Defendants' counsel: Andrew B. Zelman, Esq. at azelman@bergersingerman.com.)

In the event of a breach by Defendants, the Defendants agree that all payments due under this paragraph may be collected from any of the named Defendants jointly and severally, plus any attorney's fees and costs incurred in enforcing the terms of the agreement,

Furthermore, Defendants waive any defenses they may have to such a claim excepting the defense of timely payment within the cure period. In the event of default, Plaintiff may proceed immediately against Defendants, with obtaining a judgment for the Judgment amount plus interest accrued from July 9th, 2021.

Upon the full and complete execution of this Settlement Agreement, the Parties shall file a Stipulation of Dismissal with Prejudice.

4. **Mutual General Release.**  In consideration for the promises contained in this Settlement Agreement, the Parties unconditionally release and discharge each other (collectively referred to as the "Released Parties") from any and all claims, demands, liabilities, and causes of action of any kind or nature, whether known or unknown, or suspected or unsuspected, which either party now owns or holds, or has owned or held against the Released Parties, including, but not limited to, any and all claims, demands, liabilities, causes of action, and all incurred attorney's fees and costs,  which arise out of, or are in any way connected with Viera's employment with, or the separation of Viera's employment with Ttottal, or which arise out of or are in any way connected with any loss, damage, or injury whatsoever to Viera resulting from any act or omission by or on the part of the Defendants committed prior to the date of this Settlement Agreement. Included in the claims, demands, liabilities, and causes of action against Defendants being released and discharged by Viera are all claims under:

- Title VII of the 1964 Civil Rights Act;
- The Civil Rights Act of 1991;
- The Age Discrimination in Employment Act;
- The Older Workers Benefit Protection Act;
- The Equal Pay Act;
- The Fair Labor Standards Act ("FLSA");
- The Employee Retirement Income Security Act (ERISA);
- The Americans with Disabilities Act of 1990;
- The Rehabilitation Act of 1973;
- The Family and Medical Leave Act of 1993; 42 U.S.C. §§ 1981, 1985(3), and 1986;
- The Occupational Safety and Health Act;
- Any and all other laws, statutes, ordinances, treaties, rules or regulations of the United States of America, or any other country, state, county, municipality, or political subdivision thereof;
- Any claims arising under any other federal, state or local statute or act, ordinance, regulation, custom, rule or policy;
- Claims for breach of a contract, implied contract, or *quantum meruit*, or any cause of action or claim for tort damages, negligence or personal injury by, between, or among the Parties;
- Claims under any instruments, agreements, or documents entered into by, between, or among the Parties; and
- Any claims regarding retaliation or retaliatory discharge/discrimination.

In consideration for the mutual promises exchanged herein, Defendants release and forever discharge Viera from any and all claims of any kind which Defendants had, now have, or hereinafter can, shall or may have against Viera, whether known or unknown to them, by reason of any acts, omissions, events, matters, causes, facts or things occurring or existing prior to the date this Settlement Agreement is fully executed and unconditionally delivered by the Parties.

This Settlement Agreement shall effect the release of all claims which were, or could have been, asserted by and among Plaintiff and Defendants in the Dispute.

5. **Acknowledgements and Affirmations**. Viera affirms that he has not filed, caused to be filed, or presently is a party to any claim, complaint, or action against Defendants in any forum or form, other than the Dispute, which Viera has agreed to dismiss with prejudice pursuant to this Settlement Agreement. Viera further affirms, with the payment of the monies specified herein, he has been paid and/or has received all compensation, overtime compensation, wages, bonuses, and commissions which are due and payable as of the date Viera signs this Settlement Agreement. Viera further affirms that he is aware of his obligations to make any tax payments and forward payment to the Internal Revenue Service.

6. **Indemnification**. Viera acknowledges and agrees that it shall be solely and exclusively Viera's obligation and responsibility to report to the appropriate governmental agencies and other authorities all monies received as wages and/or other compensation under this Settlement Agreement and to report and pay all related taxes or impositions.

7. **No Other Consideration.** The Parties acknowledge and agree that no consideration other than as provided for by this Settlement Agreement has been or will be paid or furnished by the other.

8. **Non-Disparagement.** Viera agrees and covenants that he will not at any time make or solicit or encourage others to make or solicit, directly or indirectly through another person, any disparaging, derogatory or negative statement or statements or representations, either directly or indirectly, whether orally or in writing, by word or gesture or by any means of communication whatsoever, to any person, about the Defendants. For purposes of this paragraph, a disparaging and/or defaming statement or representation is any communication which, if publicized to another, would cause or tend to cause the recipient of the communication to question the business condition, integrity, competence, reputation, good character, ethics and/or morals of the party to whom the communication relates. If asked about the Dispute, Viera shall respond only that the Dispute was resolved.

9. **Mutual Confidentiality.** By receipt of the Settlement Payments set forth above, the Parties expressly agree that neither the existence of nor the terms of this Settlement Agreement (including but not limited to the amount of consideration paid hereunder) will be discussed either directly or indirectly with any other person, with the following exception: (1) this Settlement Agreement may be used as evidence in any action relating to a breach of this Settlement Agreement; (2) for enforcement of this Settlement Agreement; (3) the Parties' respective counsel; (4) the Parties' respective Accountant(s); (5) for reporting to Taxing authorities; and/or (6) when otherwise required by law.

Should the Court strike the "Confidentiality" provision *sua sponte* for public policy reasons or any other reason, the Settlement Agreement is still binding and only the offending section shall be stricken.

10. **Liquidated Damages: Disgorgement of Viera's Settlement Payment Should He Fail to Comply or Otherwise Breach.** Viera shall not either directly or indirectly, disclose, discuss or communicate to any entity or person, except to his attorney and other professional

advisors (as set forth in Section 9, above) any information whatsoever regarding the existence of or terms of this Settlement Agreement. A breach of this provision and of the terms of Mutual Confidentiality as set forth in Section 9, above, will result in disgorgement of Viera's portion of the Settlement Payments. Viera will be responsible for all reasonable attorney's fees and costs incurred by Defendants in the enforcement of this provision.  *See* § 13, *infra.*

11. **Mutual Representation by the Parties.** The Parties represent that, as of the date that this Settlement Agreement is executed, they are not aware of any additional claims that they may have against any of the Released Parties and the Parties hereby certify that they have not filed any claim (except the Dispute released herein), and do not intend to file any claims, demands, liabilities, and causes of action against any of the Released Parties for actions that occurred prior to the date of this Settlement Agreement, related to Viera's employment, and/or involving Viera's employment with Ttottal, other than claims to enforce this Settlement Agreement.

12. **Binding Nature of Settlement Agreement.** This Settlement Agreement shall be binding upon each of the Parties and upon their respective heirs, administrators, representatives, executors, successors, and assigns, and shall inure to the benefit of each party and to their respective heirs, administrators, representatives, executors, successors, and assigns.

13. **Jurisdiction/Interpretation/Enforcement.** The Settlement Agreement is governed by the substantive law of the State of Florida, and federal law, including applicable precedent under the Fair Labor Standards Act. In the event of a breach of any provision of this Settlement Agreement, any Party may institute an action specifically to enforce any term or terms of this Settlement Agreement and seek damages and any associated equitable relief.  The prevailing party in any such litigation shall be entitled to an award of their reasonable attorneys' fees and costs incurred in courts of all levels.

14. **Severability.**  In the event that one or more terms or provisions of this Settlement Agreement are found to be invalid or unenforceable for any reason or to any extent, each remaining term and provision shall continue to be valid and effective and shall be enforceable to the fullest extent permitted by law.

15. **Entire Agreement.** This Settlement Agreement constitutes the complete understanding of the Parties hereto and supersedes any and all prior agreements, promises, representations, or inducements, whether oral or written, concerning its subject matter. No promises or agreements made subsequent to the execution of this Settlement Agreement by these Parties shall be binding unless reduced to writing and signed by an authorized representative of each party. There shall be no oral modifications to this Settlement Agreement.

16. **Voluntariness.** The Parties certify that they have fully read, negotiated, and completely understand the provisions of this Settlement Agreement, that each Party has been advised by the other to consult with an attorney before signing the Settlement Agreement, and that each Party is signing freely and voluntarily, and without duress, coercion, or undue influence. The Parties each acknowledge that they are entering into this Settlement Agreement freely and voluntarily and with complete understanding of all the rights they are waiving in this Settlement Agreement and of the irrevocable nature of same. The Parties acknowledge that they have consulted with counsel of their own choosing before executing this Settlement Agreement.

17. **Counterparts**. This Settlement Agreement may be executed electronically and in multiple counterparts, each of which shall constitute an original, and all of which shall constitute one single Agreement. Electronic, faxed transmissions, and/or copies of the Parties' signatures in signature block shall be deemed enforceable.

18. **Construction**. The Parties have jointly participated in the negotiation of this Settlement Agreement and this Settlement Agreement is the product of joint draftsmanship by the Parties. In the event of an ambiguity or question of intent or interpretation arises, this Settlement Agreement shall be construed as if it was drafted jointly by the Parties and no presumptions or burdens of proof shall arise favoring any party by virtue of authorship of this Settlement Agreement.

**ATANASILDO A. VIERA**

By: _____
**ATANASILDO A. VIERA**

Date: 07 / 21 / 2021

**DANIEL CADOSCH DELMAR**

By: _____
**DANIEL CADOSCH DELMAR**

Date: July 19, 21

**URI DALY**

By: _____
**URI DALY**

Date: July 19, 21

**TTOTTAL BUSINESS LLC**

By: _____
Name: Daniel Cadosch Delmar
Title: Manager
Date: July 19, 21



# Audit Trail

| | |
|---|---|
| **TITLE** | Acuerdo |
| **FILE NAME** | Viera v. Ttotal e...NT AGREEMENTA.pdf |
| **DOCUMENT ID** | 10a595f459abbd8bbf0d71135bcf71b52bbbc266 |
| **AUDIT TRAIL DATE FORMAT** | MM / DD / YYYY |
| **STATUS** | ● Completed |

## Document History

**SENT**  07 / 21 / 2021  13:46:55 UTC-4  
Sent for signature to Atanasildo Viera (sildoviera@gmail.com) from svelez@thepalmalawgroup.com  
IP: 172.58.172.113

**VIEWED**  07 / 21 / 2021  14:13:51 UTC-4  
Viewed by Atanasildo Viera (sildoviera@gmail.com)  
IP: 172.58.155.64

**SIGNED**  07 / 21 / 2021  14:20:24 UTC-4  
Signed by Atanasildo Viera (sildoviera@gmail.com)  
IP: 172.58.155.64

**COMPLETED**  07 / 21 / 2021  14:20:24 UTC-4  
The document has been completed.

Powered by HELLOSIGN